UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TEAMSTERS LOCAL 243,**

   **Plaintiff,**

              Case No. 05-71700

v.

              HONORABLE DENISE PAGE HOOD

**DHT TRANSPORTATION,**

   **Defendant.**

_____/

**MEMORANDUM OPINION & ORDER DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Default Judgment, filed on July 1, 2005. Plaintiff filed a Complaint against Defendant on April 29, 2005. Defendant has failed to file an answer or otherwise respond to Plaintiff's Complaint. Plaintiff filed a request for Clerk's Entry of Default on July 1, 2005, in addition to the instant Motion. The Clerk entered Default against Defendant. On July 26, 2005, Defendant filed a Response to Plaintiff's Motion for Default Judgment as well as a Motion to Vacate Clerk's Entry of Default. The Court heard oral argument on July 27, 2005. For the reasons set forth below, Defendant's Motion to Vacate Clerk's Entry of Default is granted and Plaintiff's Motion for Default Judgment is denied.

**II.   APPLICABLE LAW**

In order to obtain a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, there must first be an entry of default as provided by Rule 55(a). *Systems Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) ("Entry of a default is a prerequisite to entry of a default judgment under Rule 55(b)"). Rule 55(a) provides, "[w]hen a party against whom a Judgment for

affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). If the damages sought by the plaintiff are a sum certain or a sum that can be ascertained by computation, Judgment will generally be entered for that amount without an evidentiary hearing. *In re Sardo Corp.*, 1995 WL 871168, *5 (E.D. Mich. 1995). Upon motion by the party entitled to default, a Judgment by default may be entered by the Court in cases where the plaintiff's claim is not for a sum certain. Fed. R. Civ. P. 55(b)(2).

Pursuant to Rule 55(b)(2), "[i]n all other cases the party entitled to a Judgment by default shall apply to the court therefore[,]" and "[i]f, in order to enable the court to enter Judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States."

There are three factors that must be considered to set aside a Clerk's Entry of Default under Rule 55(c): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. All three factors must be weighed, however when the first two factors militate in favor of setting aside the default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion.

### III.    ANALYSIS

Plaintiff filed a Complaint on April 29, 2005. Plaintiff's Complaint petitions the Court to enforce an award issued by an arbitrator reinstating John Durham, a member of Plaintiff's union, to his original position and awarding back pay and benefits. Plaintiff claims that Defendant, during

arbitration, never mentioned that Durham would be required to undergo a physical before being reinstated to his original position following the arbitration award. Plaintiff has amblyopia in one eye and maintains a Commercial Driver's License.[1]  Nothing in the arbitrator's award allows Defendant to condition Durham's return to work.

Defendant's Response and Motion to Vacate Clerk's Entry of Default were filed on July 26, 2005. The Parties agree that the back pay was paid through the end of 2004, however there is a dispute over Durham's reinstatement and subsequent back pay. Defendant has authorized Durham to return to work following his passing Defendant's long-standing back-to-work requirements which "dovetail with the minimum safety requirements established by the Michigan legislature for operators of school buses." Defendant claims that it was not properly served under Rule 4 of the Federal Rules of Civil Procedure. Rule 4 provides that a Limited Liability Corporation may be served by serving an officer or managing agent, any agent authorized by appointment or law, or pursuant to Michigan law which requires a copy to be sent to the LLC's principal office or operations via certified mail.

Defendant has made it clear in its Response via Thomas Vorndran's Declaration that Mr. Vorndran was a managing member and that Mr. Harden was simply asked to sit in on the arbitration proceedings. The registered agent for Defendant was CT Corporation Services, which was never served. The Declaration also states that Mr. Harden signed on behalf of Mr. Vordran but had no real authority to bind the company.

Three factors must be considered when ruling on a motion to set aside entry of default. If

---

[1] Plaintiff notes that Durham did not renew his Commercial Driver's License when it expired in July, 2005, as he was out of work.

a defendant's claim meets the first two factors, it is considered an abuse of discretion to rule in favor of the plaintiff. The first factor to take into consideration is whether Plaintiff will be prejudiced. Plaintiff did not serve the correct individual, although Mr. Harden may have appeared to have some apparent authority. Also, Plaintiff failed to send a copy via certified mail to the attorneys or to the principal office. Plaintiff has demonstrated no prejudice. The Court finds Defendant has met the first factor.

The second consideration is whether Defendant has a meritorious defense. Plaintiff received back pay through January 1, 2005, as granted in the arbitrator's award. Plaintiff was not reinstated because Defendant believes that the physical examination is required by statute and therefore mandatory even if not addressed by the arbitration award. The Court notes that this defense raises a question of fact since Plaintiff claims that the employee represented in this suit has a waiver which allowed him to gain a Commercial Driver's License. The Court also notes that the contract does not address this issue particularly. Plaintiff argues the arbitrator's award required unconditional reinstatement and Defendant failed to raise this issue during the arbitration. *United Steelworkers of Am. v. Dayton-Walther Corp.*, 657 F. Supp. 50 (S.D. Ind. 1986). However, Defendant's asserted defense meets the requirement of a meritorious defense. Therefore Defendant has met factor two.

As the rule states, "when the first two factors militate in favor of setting aside the motion of default, it is an abuse of discretion to deny a Rule 55(c) motion." Since Defendant has met the first two factors in favor of setting aside the entry of default, the Court need not address the third factor. This holding comports with the strong policy in favor of deciding cases on the merits, despite the potential inconvenience to the court or plaintiff. *See Shepard Claims Serv. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

The Court grants Plaintiff's Motion to Vacate and sets aside the clerk's entry of default. Defendant shall have 20 days from the date of this order to file an Answer to the Complaint. A scheduling conference shall be held on September 26, 2005, at 2:45 p.m.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Default Judgment **[Docket No. 5, filed July 1, 2005]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate Improper Default **[Docket No. 12, filed July 26, 2005]** is GRANTED and the Clerk's Entry of Default is set aside.

IT IS FURTHER ORDERED that the Complaint is deemed served and Defendant shall file an answer within 20 days of this Order.

IT IS FURTHER ORDERED that the Parties appear for a scheduling conference in this matter on September 26, 2005, at 2:45 p.m.

    /s/ Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

DATED: August 17, 2005