UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TEAMSTERS LOCAL 243,**

        Plaintiff,

                                Case No.     05-71700

v.

                                HONORABLE DENISE PAGE HOOD

**DHT TRANSPORTATION,**

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Summary Judgment filed February 27, 2006. Defendant filed a Response to Plaintiff's Motion for Summary Judgment and a Cross-Motion for Summary Judgment on April 10, 2006. Plaintiff filed a Reply Brief in Support of its Motion on April 18, 2006.

### II. STATEMENT OF FACTS

Plaintiff, Teamsters Local 243, is a labor organization representing bargaining unit member John Durham ("Grievant Durham"). (Compl. ¶¶ 3, 6). Defendant, DHT Transportation, entered into a collective bargaining agreement with Plaintiff, in which the parties agreed to a grievance procedure ending in final and binding arbitration. (Compl. ¶ 5). Grievant Durham was employed with the Defendant and was discharged on April 23, 2004. (Compl. ¶ 6). On or about April 24, 2004, Grievant Durham filed a grievance challenging his discharge. An arbitration hearing was held on September 22, 2004. On October 22, 2004, Arbitrator Peter D. Jason ("Arbitrator") issued an

Award granting Plaintiff's grievance, overturning Grievant Durham's termination, reinstating Grievant Durham's employment and requiring Defendant to provide Grievant Durham back pay and benefits. (Compl. ¶ 10).  The Complaint was filed on April 29, 2005.

### III.   STANDARD OF REVIEW

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974).  A dispute must be apparent from the evidence in order to deny such a motion.  Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence.  Fed.R.Civ.P. 56(e).  When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

### IV.   APPLICABLE LAW & ANALYSIS

Plaintiff seeks the enforcement of the arbitration award, pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. (Compl. ¶¶ 1-2).  Arbitration cases have a very narrow standard of review. *Dobbs, Inc. v. Local No. 614, Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 813 F.2d 85, 86.  A court reviewing an arbitration award must give deference to the arbitrator's findings of fact. *DBM Technologies, Inc. v. Local 227, United Food & Commercial Workers Int'l Union*, 257 F.3d 651, 656 (6th Cir. 2001).  "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has

not agreed so to submit." *United Steel Workers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *Retail Clerks Int'l Assoc., Local Unions Nos. 128 and 633 v. Lion Dry Goods, Inc.*, 341 F.2d 715, 720 (6th Cir. 1965). The Court must determine if the arbitrator's award "draws its essence from the collective bargaining agreement." *Spero Elec. Corp. v. International Bhd. Of Elec. Workers, AFL-CIO*, 439 F.3d 324, 328 (6th Cir. 2006), *Dobbs*, 813 F.2d at 86, quoting *Detroit Coil v. International Association of Machinists & Aerospace Workers, Lodge No. 82*, 594 F.2d 575, 579 (6th Cir. 1979). "The arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions." *Dobbs*, 813 F.2d at 86, quoting *Detroit Coil*, 594 F.2d at 579 (internal quotations omitted). The Sixth Circuit has held:

> An arbitrator's award fails to draw its essence from the agreement when: (1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived from the agreement; or (4) it is based on general considerations of fairness and equity instead of the exact terms of the agreement."

*Spero*, 439 F.3d at 328 (internal quotations omitted), *Dobbs*, 813 F.2d at 86. The Court is bound to enforce the arbitration award and cannot review the merits of the contract dispute, unless the arbitration award does not draw its essence from the collective bargaining agreement. *W.R. Grace and Co. v. Local Union 759, Int'l. Union of the United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182 (1983).

1. **Enforcement of the Arbitration Award**

    a. **Public Policy**

Defendant argues that it cannot reinstate Grievant Durham without his having passed a physical examination because it violates the public policy of safety of school children. (Def.'s Resp. at 5-10). Plaintiff, on the other hand, asserts that Defendant has waived its public policy

defense, and if the Court does not find it waived, the Award nonetheless does not violate public policy. (Reply Br. In Supp. Of Pl.'s Mot. at 1-3); *USPS v. National Ass'n of Letter Carriers*, 330 F.3d 747 n. 4 (6th Cir. 2003); *Occidental Chemical Corp. v. Int'l Chemical Workers*, 853 F.2d 1310 (6th Cir. 1988). The Court finds that it is permissible to narrowly review the Award to determine whether it violates public policy or draws its essence from the collective bargaining agreement. *United Steelworkers of America v. Roemer Indus.*, 68 F.Supp.2d 843, 847-48 (N.D. Ohio 1999); *See also Occidental Chemical Corp.*, 853 F.2d 1310, at 1317.

The Court, however, does not find that the Award violates public policy. Securing the safety of school children is broadly recognized. However, in *United Paperworkers Intern. Union v. Misco, Inc.*, the Supreme Court held that "a court's refusal to enforce an arbitrator's interpretation of such contracts [collective bargaining agreements] is limited to situations where the contract as interpreted would violate 'some explicit public policy' that is well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" 484 U.S. 29, 42-44 (1987) (quoting *Muschany v. United States*, 324 U.S. 49, 66 (1945). In the instant case, the Court does not find a well defined and dominant policy in requiring a bus mechanic to pass a physical exam. Although Defendant cites various Michigan statutes and federal regulations that require school bus operators to pass an annual physical, the Court is not persuaded that it is imperative that a mechanic drive a bus.[1] As such, the Award does not violate public policy.

---

[1] During his year employed with Defendant, Grievant Durham drove once while another driver was on the bus, never drove with passengers or children inside the bus and never covered a route because a driver was absent. (Pl.'s Mot. at 14, Durham Aff. ¶7). Further, there are a minimum of two, and generally four, mechanics on duty at any given time and Defendant employs spare drivers. (Pl.'s Mot. at 14-15, Durham Dep. 9). Accordingly, the Court finds that Defendant can reinstate Grievant Durham in his position as a mechanic without endangering the safety of school children.

### b.     Compliance with the Arbitration Award

Neither party disputes that the Arbitrator's award was reasonably based on the provisions of the collective bargaining agreement. As such, the central issue is whether Defendant has complied with the labor arbitration determination which ordered the reinstatement of Grievant Durham to a mechanic position. Plaintiff argues that given the unconditional nature of the arbitration award, Defendant waived its right to condition the reinstatement of Grievant Durham on passing the Michigan Department of Transportation Physical Examination.[2] (Compl. ¶ 11). Plaintiff further asserts that Defendant waived its right to present other defenses against enforcement of the Award because it failed to raise these arguments during arbitration and failed to seek to vacate or modify the Award within the proscribed period. (Mot. at 1, 7-13).

Defendant argues that it is not disputing, nor seeking to contest or vacate, the Award. (Def.'s Resp. at 3). Instead, Defendant maintains that it has complied with the arbitration award, however, the reinstatement of Grievant Durham rests on his failure to pass the physical exam. (Def.'s Resp. at 1).

The Award states, "The grievance is granted. The grievant is to be returned to work with back pay and benefits." (Pl.'s Mot. Summ. J., Attach. 1 at 21). Defendant argues that it has complied with the Award, however, this premise is inapposite. In *United Steelworkers of America v. Dayton-Walther Corp.*, 657 F.Supp. 50 (S.D. Ind. 1986), as cited by Plaintiff, an arbitrator ordered defendant-employer, Dayton-Walther Corporation ("Company"), to reinstate an employee, Dan Priest. Prior to reinstatement, the Company required Priest to submit to a "return-to-work" physical examination. *United Steelworkers*, 657 F.Supp. 50 at 51. Priest failed the examination and as a

---

[2] Grievant Durham has a Commercial Driver's License that expired on July 14, 2005. Because he has amblyopia in one eye, Grievant Durham maintains his Commercial Driver's License through a vision exemption granted by the Department of Transportation. (Compl. ¶ 7).

result the Company failed to reinstate him to his electrian's position. *Id.* The Company argued that it attempted to reinstate Priest, but his physical condition prevented such action. *Id.* The court held,

> [t]he actions taken by the Company after issuance of the award, requiring Priest to submit to a return-to-work physical examination and subsequently, refusing to reinstate him, plainly disregard and directly contravene the arbitration award. Reinstatement means actually putting an employee back on the active payroll, returning the employee to a specific job, and allowing the employee to perform his work responsibilities.

*Id.* at 54 (citing *Chicago Newspaper Guild v. Field Enter., Inc.*, 747 F.2d 1153 (7th Cir. 1984); *see also Armco Employees Indep. Fed'n v. AK Steel Corp.* 2005 U.S. Dist. Lexis 21069 (S.D. Ohio Sept. 26, 2005) (holding that the imposition of the return-to-work physical examination violated the arbitration award's unconditional order of reinstatement). Here, Defendant cannot be permitted to raise, as a defense to actual reinstatement, Grievant Durham's failure to pass a physical examination, when they failed to present this issue to the Arbitrator. *See United Steelworkers*, 657 F.Supp. at 55; *see also United Mine Workers of America v. Sovereign Coal Corp.*, 750 F.2d 37, 40 (6th Cir. 1984) (finding that the efficient administration of court dockets as well as respect for the arbitration process precludes a policy of allowing parties that fail to present evidence to an arbitrator only to present the evidence to a court subsequent to an unfavorable arbitration decision). Accordingly, the Court finds Defendant has not fully complied with the Award and must do so by actually returning Grievant Durham to work.

**2. Back Pay**

Defendant relies on Grievant Durham's deposition testimony stating that, as of January 16, 2006, he received all back pay to which he was entitled. (Def.'s Resp. To Pl.'s Mot. at 12; Ex. C, p. 10:8-13). However, the Award unconditionally states that Grievant Durham is to receive back pay and benefits. The court in *United Steelworkers of America v. Dayton-Walther Corp.* was faced with similar facts and held the employee, who the employer failed to return to work after the

arbitration award ordered reinstatement, was entitled to back pay at the regular rate of pay for the period commencing on the date the employee would have returned to work if the employer had complied with the arbitration award, up to and including the date of compliance with the court order, and interest at the legal rate on back pay.  657 F.Supp. 50, 56.

Because the Court finds that the Award is valid and Defendant must fully comply, Grievant Durham is entitled to receive back pay and benefits from January 15, 2005 until Grievant Durham is physically reinstated, including interest at the legal rate on back pay.[3]

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment and DENIES Defendant's Motion for Summary Judgment.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[3] Neither party refutes that Grievant Durham has received back pay and benefits from his date of termination to January 15, 2005.