# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Teamsters Local 243,**                        Case No. 05-CV-71700
                                                     **Honorable Denise Page Hood**
                    Plaintiff,                **U.S. District Judge**

v.

**DHT Transportation,**

                    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Writ of Execution, filed November 16, 2006. Defendant filed a Response on December 4, 2006 and Plaintiff filed a Reply on December 11, 2006.

On December 15, 2006 Defendant filed a Motion to Strike Local 243's Reply Brief for Improperly Raising New Issues, or in the Alternative for Leave to File a Sur-Response Brief. On December 18, 2006, Plaintiff filed a Response and on December 22, 2006 Defendant filed a Reply. On February 22, 2007, the Court denied without prejudice Defendant's Motion to Strike and granted Defendant leave to file a Sur-Response, which was filed on March 5, 2007.

**II.  STATEMENT OF FACTS**

Plaintiff, Teamsters Local 243, is a labor organization representing bargaining unit member John Durham ("Grievant Durham"). (Compl. ¶¶ 3, 6). Defendant, DHT Transportation, entered into a collective bargaining agreement with Plaintiff, in which the parties agreed to a grievance procedure ending in final and binding arbitration. (Compl. ¶ 5). Grievant Durham was employed

with Defendant and discharged on April 23, 2004. (Compl. ¶ 6). On or about April 24, 2004, Grievant Durham filed a grievance challenging his discharge. An arbitration hearing was held on September 22, 2004. On October 22, 2004, Arbitrator Peter D. Jason ("Arbitrator") issued an Award granting Plaintiff's grievance, overturning Grievant Durham's termination, reinstating Grievant Durham's employment and requiring Defendant to provide Grievant Durham back pay and benefits. (Compl. ¶ 10). The Complaint was filed on April 29, 2005.

On September 29, 2006, this Court entered an Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Cross-Motion for Summary Judgment.[1] The Court held that the Arbitration Award is valid and "Defendant must fully comply, Grievant Durham is entitled to receive back pay and benefits from January 15, 2005 until Grievant Durham is physically reinstated, including interest at the legal rate on back pay." (Order Granting Pl.'s Mot. for Summ. J. and Denying Def.'s Mot. for Summ J. at 7).

## III. APPLICABLE LAW & ANALYSIS

Plaintiff moves for a writ of execution pursuant to Fed. R. Civ. P. 69 and M.C.L. § 600.6001, arguing that Defendant has failed to comply with the Court's order requiring it to pay Plaintiff back pay. Plaintiff seeks a writ of execution requiring Defendant to pay Plaintiff in the amount of $68,400, "representing the full amount of backpay that it owes to Mr. Durham for the time period of January 15, 2005 to the present, with interest, and without deductions for interim employment earnings." (Pl.'s Mot. for a Writ of Execution at 2). In its Response, Defendant asserts that a Writ

---

[1] The Court realizes that the denial of Defendant's Cross-Motion for Summary Judgment, pursuant to the June 29, 2006 Order, was a moot issue, as on June 9, 2006, the Court entered an Order Granting Plaintiff's Motion to Strike Defendant's Cross-Motion for Summary Judgment.

2

of Execution is not the proper remedy, as the Court did not issue a judgment for the payment of a sum of money. Defendant further argues: (1) an award of back pay is subject to deductions for interim earnings; (2) the doctrines of estoppel, laches and waiver bar Plaintiff from claiming that Grievant Durham is entitled to an award of back pay without deductions for interim earnings; (3) in the alternative, the Court should remand the case for clarification before the arbitrator. (Def.'s Resp. to Pl.'s Mot. for Writ of Execution at 5-9).

In its Reply, Plaintiff concedes that relief pursuant to Rule 69 is not proper, but argues that "[b]ecause the parties have already fully briefed the issues relevant to such a Rule 70 motion, the court should convert Local 243's Rule 69 motion to a motion under Rule 70, and consider it on the merits." (Reply Br. in Supp. of Local 243's Mot. for Enforcement at 1).

Defendant argues that the Court should not consider relief pursuant to Rule 70 because it is not proper for a party to raise new issues in a reply brief, it can only respond to arguments raised for the first time in the opposition brief. Def.'s Mot. to Strike at 2; *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (quoting *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001)). Plaintiff's response to this argument is:

> [i]n its brief in opposition to Local 243's motion for a Writ of Execution under Rule 69, DHT argued for the first time that Rule 69 was not appropriate, because the court's judgment was not for a definite monetary amount. Local 243 raised its argument that the court should convert the Rule 69 motion to a Rule 70 motion ("Conversion Argument") in direct response to DHT's argument that Rule 69 relief is not appropriate. Local 243's Conversion Argument is therefore a response to DHT's argument, rather than a new argument. If Local 243 cannot raise the matter in its reply brief, it would have to bring a separate motion for Rule 70 relief. . . Both the procedural rules and interests of judicial economy thus favor permitting Local 243 to raise the Conversion Argument it its reply brief.

(Resp. of Teamsters Local 243 to Def.'s Mot. to Strike its Reply Br. at 2). Defendant argues that, although parties may respond to arguments made in an opposition brief, "there is no case authority

3

which permits a party, in its reply brief, to seek relief under an entirely different legal theory, or as in this case, under a different rule of civil procedure." (Def.'s Sur-Response at 2). Defendant refutes Plaintiff's contention that the issues relevant to a Rule 70 Motion have been fully briefed and contends that the applicability of Rule 70 has not been addressed by DHT since it was raised for the first time in Plaintiff's reply brief. *Id.*; Def.'s Reply Br. in Supp. of its Mot. to Strike at 2.

Defendant further argues that, even if Plaintiff's motion was brought pursuant to Rule 70, that rule is not applicable to the present situation. Namely, Defendant contends that Rule 70 provides relief to a party seeking to enforce a judgment that requires the performance of an act, such as conveyance of land or delivery of a document, that a defendant has failed to comply with within a specified period of time. Def.'s Sur-Response at 2; *Spain v. Mountanos*, 690 F.2d 742 (9th Cir. 1982).

The Court finds that it was not proper for Plaintiff to invoke relief pursuant to a different rule of civil procedure or a different legal theory in its reply brief. *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (quoting *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001)). Plaintiff's argument that its conversion argument is a response to Defendant's argument that relief pursuant to Rule 69 is not appropriate, rather than a new argument, has little merit. If Plaintiff's argument were logically extended, a plaintiff could raise any new issue in a reply brief and assert that it is "in direct response" to arguments raised in the opposition brief. The Court does not find that Plaintiff's conversion argument is a response to the arguments made in Defendant's Response Brief. Defendant is correct in asserting that the applicability of Rule 70 was not fully briefed by the parties when Plaintiff filed the reply brief.

However, following the filing of Defendant's Sur-Response, the applicability of Rule 70 to

4

the instant case has been fully briefed by the parties. For the sake of judicial economy, the Court will consider the merits of Plaintiff's request for relief pursuant to Fed. R. Civ. P. 70, which provides, in pertinent part,

> [i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

Generally, equitable remedies pursuant to Rule 70 are not appropriate in enforcing a monetary judgment. *Spain v. Mountanos*, 690 F.2d 742, 744 (9th Cir. 1982). Courts have applied Rule 70 to enforce a monetary judgment "under the extraordinary circumstances [*sic*] where the judgment is against a state, which refuses to appropriate funds through the normal process provided by state law . . ." *Id.* at 744-45; *See also Gary W. v. State of La.*, 441 F.Supp. 1121 (E.D.La. 1977) (holding that Plaintiffs who obtained a final judgment for attorney fees against the state of Louisiana under § 1988 of Title 42 could seek an order under Rule 70 directing the Louisiana Department of Health and Human Resources to pay the judgment). The Court finds that Rule 70 is not an appropriate remedy to enforce the instant judgment. This is not the extraordinary relief anticipated by Rule 70. Plaintiff only seeks enforcement of its claim for monetary relief. Other means of enforcing the arbitration award of back pay are available to Plaintiff, such as Fed.R.Civ.P. 64 and the appropriate state law post-judgment procedures.

Plaintiff, in its Motion for Execution, argues that Grievant Durham is entitled to full back pay with no deduction for interim wages. Defendant never argues for such offset before the arbitrator and the arbitrator's award does not address any deduction for interim earnings, nor permits such deduction. On the similar facts, employers have been required to pay full back pay without

5

deduction for interim earnings. *International Union of Operating Engineers v. Murphy Co.*, 82 F.3d 185, 189 (7th Cir. 1996); *International Chemical Workers Union Local 683 v. Columbian Chemical Co.,* 331 F.3d 491, 498, 499 (5th Cir. 2003). Other courts have reasoned that the language in an award could be read to require the placement of a grievance on the same financial footing as a similarly situated employee thereby requiring deduction of interim earnings and remand to the arbitrator. *Electrical Workers Local 369 v. Olin Corp.,* 471 F.2d 468 (6th Cir. 1972). Defendant claims *Olin* can be distinguished from the present facts.

Plaintiff further argues that Defendant has waived or abandoned its claim of the affirmative defense of deduction of interim wages. Defendant never raised the issue before the arbitrator. Nor did Defendant raise the issue before this Court until a post-judgment motion. See *Moore, Owens, Thomas & Co. v. Coffey,* 992 F.2d 1439, 1445 (6th Cir. 1193). Although Plaintiff argued for back pay without deduction in its summary judgment motion, Defendant never addressed interim wages. This failure could be considered abandonment. *Saylor v. Bd. of Ed.,* 118 F.3d 507, 512 n. 7 (6th Cir. 1997); *Calvert Assoc. v. Harris,* 469 F. Supp 922, 925-926 (E.D. MI, 1979).

Defendant's claims of waiver and laches fail based on the facts presented. Plaintiff did not inexcusably delay asserting its rights. Nor did Plaintiff waive its right by agreeing to the deduction of unemployment compensation income. Defendant notes a work sheet attached to the affidavit of Thomas Vomdran that evidences the deduction of unemployment compensation. Also attached is a note from Grievant Durham, indicating he received unemployment compensation as of January 7, 2005. This does not support Defendant's claim that Plaintiff expressly agreed to a deduction for interim earnings, without more, such an inference cannot be drawn.

Defendant has not supported its claim for deduction of interim earnings from the back pay

award of the arbitrator. There is no ambiguity in the arbitrator's award that warrants remand. See *International Brotherhood of Electrical Workers Local 369, AFL-CIO v. Olin Corp.,* 471 F.2d 468 (6th Cir. 1972) ; *United Steel Workers v. Timken Roller Bearing Co.,* 324 F.2d 738, 740 - 742 (6th Cir. 1963). Grievant Durham is entitled to full back pay without deduction of interim earnings for the time period January 15, 2005 to November 13, 2006.

IT IS HEREBY ORDERED that Defendant's Motion for Writ of Execution (Docket No. 44, filed Nov. 16, 2006) is GRANTED in part and DENIED in part.

IT IS ORDERED that a Writ of Execution under Rule 69 or Rule 70 is DENIED.

IT IS FURTHER ORDERED that consistent with this order and the Court's order of September 29, 2006, Grievant is entitled to the arbitration award of back pay and benefits, with interest, at the legal rate.

s/ DENISE PAGE HOOD
Denise Page Hood
United States District Judge

Dated: October 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager